UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **HEIDI A. STECKSTOR,**<br><br>                              Plaintiff,<br><br>   -vs-<br><br>**COMMERCIAL RECOVERY SYSTEMS, INC.**<br><br>                              Defendants. | *Civil Action No.* _____ |

### COMPLAINT & DEMAND FOR JURY TRIAL

### INTRODUCTION

1. Plaintiff Heidi A. Steckstor brings this action for actual and statutory damages resulting from the Defendant's various violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter "FDCPA"), a law that prohibits debt collectors from using abusive, deceptive, and unfair practices in an attempt to collect a debt.

### JURISDICTION & VENUE

2. This honorable Court possesses jurisdiction over this matter pursuant to 15 U.S.C. §1692k(d) and 28 U.S.C. § 1331.

3. Additionally, venue in this district arises pursuant to 28 U.S.C. §1391(b) since the Defendant transacts business here and the conduct complained of occurred here.

### PARTIES

4. Plaintiff Heidi A. Steckstor (hereinafter "Heidi Steckstor") is a natural person residing in the County of Monroe, State of New York, and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5. Defendant Commercial Recovery Systems, Inc., (hereinafter "Commercial Recovery" or "CRS") is a foreign business corporation organized and existing under the laws of the State of Texas and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

6. Any and all acts of the Defendant hereinafter alleged were performed by Defendant's employees, while under the scope of the Defendant's actual or apparent authority.

7. Any and all references to "Defendant" herein shall include the Defendant and/or an employee of the Defendant.

## FACTUAL ALLEGATIONS

8. That Plaintiff Steckstor incurred and later defaulted on a debt to Mitsubishi. Said debt will hereinafter be referred to as "the subject debt."

9. That the subject debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5), as it arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes.

10. That upon information and belief, Mitsubishi retained the services of Defendant CRS to collect payment of the subject debt from Plaintiff Steckstor.

11. That in or about April of 2010, a representative for Defendant CRS, "Mr. Evans," told Plaintiff Steckstor that in exchange for two payments of $1,450.00, Defendant would settle the subject debt in full and remove any trade-lines being reported to the three major credit bureaus. Plaintiff Steckstor agreed and was directed to send two voided post-dated checks for the aforementioned amounts via facsimile to Defendant's attention.

12. That in accordance with Defendant's direction, Plaintiff Steckstor prepared two voided post-dated checks for $1,450.00 and faxed the same to Defendant with a cover sheet addressed to Mr. Evans and identifying that the checks represented payment for "settlement in full."

13. That the first payment was to be electronically withdrawn by Defendant CRS from Plaintiff's bank account on May 21, 2010 and was made on said date.

14. The second payment was to be electronically withdrawn by Defendant on June 18, 2010.

15. That prior to the June 18, 2010 due date, Plaintiff Steckstor contacted Defendant and spoke with Mr. Evans. At that time, Plaintiff requested that Defendant CRS delay the second electronic withdrawal until Tuesday, June 22, 2010 to ensure that the funds would be available. Mr. Evans replied that that would be fine and stated he would extend the deadline until June 23, 2010 just to make sure that Plaintiff had the funds ready. Prior to the conclusion of the aforementioned conversation, Plaintiff asked for, and received from Defendant, confirmation that upon receipt of the second payment of $1,450.00:

    a. The account would be settled in full,
    b. Plaintiff would receive a letter confirming the same from Defendant CRS, and
    c. That all trade-lines reporting the subject debt would be removed from Plaintiff's credit reports. In fact, Defendant added that Plaintiff's credit score would go up about thirty (30) points after the trade-lines were removed from her credit reports.

16. That the second payment of $1,450.00 was subsequently taken by Defendant CRS during this extended period of time using electronic withdrawals from Plaintiff's bank account.

17. That in August of 2010, Plaintiff Steckstor received a message from Defendant Commercial Recovery requesting a return telephone call.

18. That Plaintiff thereafter contacted Defendant CRS and spoke with an individual who identified himself as "Mr. Morano." During the course of the telephone conversation that ensued, Mr. Morano declared that the agreement entered into by the parties was "void" because the second payment was deposited a couple of days late. Plaintiff Steckstor immediately disputed Defendant's representations, explaining her interactions with Mr. Evans. Defendant replied that the payments had been made, but then simply stated that while "the payments were appreciated" there was no longer a binding contract between the parties and Plaintiff would be required to pay some $2,800 more dollars towards the debt.

19. That despite several more exchanges and telephone calls, in which Defendant hung up on Plaintiff on more than one occasion, Defendant CRS refused to acknowledge the parties' settlement agreement and demanded payment of the subject debt in full.

20. That as a result of Defendant's conduct, Plaintiff Steckstor became very angry, worried, nervous, suffered from emotional distress and is now improperly accused of still owing a balance on the subject debt.

## CAUSE OF ACTION

21. The aforementioned acts and omissions of the Defendant have violated the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.) as follows:

22. Defendant violated 15 U.S.C. §1692d and 15 U.S.C. §1692d(2) by using conduct and language, the natural consequence of which was to abuse Plaintiff Steckstor, by:
    a. Stating that the agreement entered into by the parties was "void" because the second payment was deposited a couple of days late;
    b. Telling Plaintiff that while "the payments were appreciated" there was no longer a binding contract between the parties and Plaintiff would be required to pay some $2,800 more dollars towards the debt; and
    c. Hanging up the phone on Plaintiff on more than one occasion.

23. Defendant violated 15 U.S.C. §1692e, 15 U.S.C. §1692e(2)(A), 15 U.S.C. §1692e(4), 15 U.S.C. §1692e(5), 15 U.S.C. §1692e(10) and 15 U.S.C. §1692f by:

   a. Stating that the agreement entered into by the parties was "void" because the second payment was deposited a couple of days late; and

   b. Telling Plaintiff that she would be required to pay some $2,800 more dollars towards the debt.

24. Defendant violated 15 U.S.C. §1692f and 15 U.S.C. §1692f(1) by using unfair and/or unconscionable means by attempting to collect the portion of the subject debt which was waived by Defendant as part of settlement.

25. Because of Defendant's deceptive conduct, Plaintiff Steckstor became worried, nervous, suffered from emotional distress and is now improperly accused of still owing a balance on the subject debt.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Steckstor respectfully requests that this honorable Court enter judgment against the Defendant for:

(a) Actual damages, pursuant to 15 U.S.C. §1692k(a)(1);

(b) Statutory damages, pursuant to 15 U.S.C. §1692k(a)(2)(A);

(c) Costs and disbursements of this action, together with reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3); *and*

(d) For any and all additional relief as this honorable Court may deem just and proper.

### JURY DEMAND

Please take notice that Plaintiff Steckstor demands a trial by jury in this action.

Date: September 15, 2010

/s/Frank J. Borgese
Frank J. Borgese, Esq.
Graham Law, P.C.
*Attorneys for Plaintiff Steckstor*
1207 Delaware Ave., Suite 202
Buffalo, New York 14209
fborgese@grahamlawpc.com
716.200.1520